NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALFRED B. CRANE, PETITIONER, v. PACIFIC REFINING
COMPANY (A BODY CORPORATE), RESPONDENT.

For the petitioner, *Nathan Rabinowitz* and *Alex Moskovitz*.

For the respondent, *Frank G. Turner*.

\*  \*  \*  \*  \*  \*  \*

2. That the petitioner was employed for the respondent, in charge of a gas filling station on or about the 19th day of November, 1926.

3. That the petitioner at the time of the injury received for his services wages amounting to $35 per week.

4. That on the 19th day of November, 1926, the petitioner sustained personal injuries as a result of an accident; that the said accident occurred in the following manner: Petitioner testified that he had been employed by the respondent for a period of four months and was the sole person in charge of the gas and oil filling station; that he daily took his lunch along, but occasionally one of the members of his family brought him warm meals during the day, on dishes which his son was in the habit of collecting and returning in his automobile. On this occasion some dishes had collected, and petitioner testified that he took them home in an uncovered basket. Petitioner's employer had provided him with a canvas bag, in which he was accustomed to put the day's receipts, taking along with him the collection of the day's business and

bringing it back with him the following morning and turned it over to Mr. Phillips, who had charge of collections of the gas stations of the respondent. On the night in question Crane closed and locked the filling station, as it was his custom to do, at about a little after ten o'clock at night, and walked over his accustomed route to his home in Fairlawn, New Jersey. At the end of the Passaic county end of the Fifth avenue bridge, he set the basket on the ground as he had come to the conclusion that he was being followed, whereupon, on turning around he was confronted by a pistol in the hands of a man masked, with his hat pulled over his eyes, and clothed in what appeared to be a long linen duster, who called out: "Hands up. Give me [or us] your money." The testimony reveals that petitioner immediately jumped into his assailant and petitioner noticed that at the same time his assailant was accompanied by another man, and then heard a pistol shot and saw a flash of a gun. At this junction the assailants ran away and Crane started after one of them, when he observed a gun shot wound on his arm. He hurried home and ordered his son to drive him to the Paterson General Hospital. In this connection the petitioner, who was the sole witness in the case, testified there was no safe on the premises of the gas filling station; that his clothes were oily and dirty and that he washed himself at home, there being no facilities at the filling station. There is at once presented to us a picture of the typical workingman returning from his day's work. There is no question that a strong inference can be drawn that the motive of the assailant was to rob Crane of the money that had been collected during the day. It appeared that he had in his possession close to $70, belonging to his employer, which he was required to take home and return the next day, which he was accustomed to do daily, and it further appears that Crane only had thirty or forty cents of his own money, and I do not see how any other inference can be drawn but that the assailant had known of the habits of the petitioner, as above set forth, and was intent upon procuring the proceeds of the day's receipts of the Pacific Refining Company.

5. From the above testimony and the reasonable inference that can be drawn therefrom, I find that the petitioner sustained an accident arising out of and in the course of his employment.

6. That the respondent had actual knowledge of the occurrence of said injuries.

7. I find, therefore, that the petitioner is entitled to compensation for temporary disability from November 19th, 1926, to December 19th, 1926, amounting to three and one-fourth weeks, at the rate of $17 per week, and total disability of twenty-five per cent. of the loss of an arm, equalling fifty weeks, at the rate of $17 per week, making a total of fifty-three and one-fourth weeks at the rate of $17 per week, which amounts to $905.25.

8. The legal adviser of the petitioner is entitled to compensation, in addition to his costs allowed by law, in the sum of $100, to be paid by the respondent.

9. Costs will be allowed the petitioner.

It is therefore, on this 30th day of June, 1927, ordered that judgment final be entered in favor of the petitioner, Alfred B. Crane, and against Pacific Refining Company, in the sum of $17 per week, for a period of fifty-three and one-fourth weeks.

HARRY J. GOAS,
*Deputy Commissioner.*